1   Alycia A. Degen, SBN 211350
    adegen@sidley.com
2   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
3   Los Angeles, California 90013
    Telephone: +1 213 896-6000
4   Facsimile: +1 213 896-6600

5   Attorney for Defendants and Specially
    Appearing Defendants Bayer Corp.,
6   Bayer HealthCare LLC, Bayer
    Essure Inc., and Bayer HealthCare
7   Pharmaceuticals Inc.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   KATIE ARTINIAN, AMBER MAHONEY,          ) Case No. 3:18-cv-7335
     CRYSTAL TIDMORE, IESHA ROUSE, and       )
12   CANDIDA BAHNMAIER,                       )
                                              ) **NOTICE OF REMOVAL**
13              Plaintiffs,                    )
                                              )
14        vs.                                  ) **JURY TRIAL DEMANDED**
                                              )
15   BAYER CORP., an Indiana corporation;     )
     BAYER HEALTHCARE LLC, a Delaware         )
16   company; BAYER ESSURE INC., (F/K/A       )
     CONCEPTUS, INC.) a Delaware corporation; )
17   BAYER HEALTHCARE                          )
     PHARMACEUTICALS, INC., a Delaware        )
18   corporation; and DOES 1-100,             )
                                              )
19              Defendants.                    )
                                              )
20   _____ )

21

22

23

24

25

26

27

28

1   Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants and Specially Appearing Defendants

2   Bayer Corp., Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.

3   (collectively, "Bayer"), through undersigned counsel, hereby remove this action from the Superior Court

4   of the State of California, County of Alameda, to the United States District Court for the Northern

5   District of California.  In support of this Notice of Removal, Bayer states the following:

6   **I.      THE STATE COURT ACTION**

7   1.      Plaintiffs filed their complaint in this civil action styled *Katie Artinian et al. v. Bayer*

8   *Corp. et al.*, Case No. RG18926258, in the Superior Court of Alameda County on October 26, 2018.

9   They served the Complaint on Bayer on November 5, 2018.  Pursuant to 28 U.S.C. § 1446(a), true and

10  correct copies of all summons, process, pleadings, and orders filed in the Superior Court are attached

11  hereto as Exhibit A.

12  2.      Plaintiffs allege that they suffered injuries as a result of using Essure®, an FDA-approved

13  Class III medical device that serves as a form of permanent female birth control.  *See generally De La*

14  *Paz v. Bayer Healthcare LLC*, 159 F. Supp. 3d 1085 (N.D. Cal. 2016) (explaining FDA approval of

15  Essure and granting motion to dismiss).

16  3.      As set forth more fully below, this case is properly removed to the United States District

17  Court for the Northern District of California because the procedural requirements for removal are

18  satisfied and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

19  **II.     THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.**

20  4.      Bayer filed this Notice of Removal less than 30 days after being served with the

21  Complaint on November 5, 2018.  Accordingly, the removal of this action is timely.  *See* 28 U.S.C.

22  § 1446(b).

23  5.      The United States District Court for the Northern District of California presides in the

24  locality in which the state court action is now pending.  It is therefore a proper forum for removal.  *See*

25  *id.* §§ 84(a), 1441(a).

26

27

28

6.      As set forth below and in the Declaration of Keith R. Abrams (attached hereto as Exhibit B) ("Abrams Decl." or the "Abrams Declaration"), at the time this action was filed in the Superior Court and at all times thereafter, no Defendant was or is a citizen of California.  *See id.* § 1446(b)(2).

7.      A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Superior Court.  *See id.* § 1446(d).

8.      If any questions arise about this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

## III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.      This Court has subject matter jurisdiction based upon diversity of citizenship, *see* 28 U.S.C. § 1441, because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

### A.      Complete Diversity Of Citizenship Exists.

10.     Plaintiff Artinian alleges she is a citizen of California, Compl. ¶ 11.

11.     Plaintiff Mahoney alleges she is a citizen of Iowa, *id.* ¶ 12.

12.     Plaintiff Tidmore alleges she is a citizen of Alabama, *id.* ¶ 13.

13.     Plaintiff Rouse alleges she is a citizen of Michigan, *id.* ¶ 14.

14.     Plaintiff Bahnmaier alleges she is a citizen of Oregon, *id.* ¶ 15.

15.     Defendant Bayer Corporation is an Indiana corporation.  *See id.* ¶ 16.  Bayer Corporation's principal place of business is New Jersey.  *See* Abrams Dec. ¶ 3.  For purposes of removal and diversity jurisdiction, it is therefore a citizen of New Jersey and Indiana.  *See* 28 U.S.C. § 1332(c)(1).

16.     Defendant Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey.  *See* Compl. ¶ 19; Abrams Decl. ¶ 4.  For purposes of removal and diversity jurisdiction, it is therefore a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

17.     Plaintiffs allege that Defendant Bayer HealthCare LLC is a limited liability company organized under the laws of Delaware, and that it is a "wholly owned subsidiary" of Bayer AG operating in California.  Compl. ¶ 17.  In fact, Bayer HealthCare LLC is a Delaware limited liability company with its headquarters at 100 Bayer Boulevard, Whippany, New Jersey 07981.  Abrams Decl. ¶ 5.  A limited liability company "is deemed to be a citizen of all states where its members are citizens." *Tri-County Metro. Transp. v. Butler Block, LLC*, 337 F. App'x 708, 709 (9th Cir. 2009); *accord Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The citizenship of Defendant Bayer HealthCare LLC's members at the time the Complaint was filed and at all times thereafter was and is as follows:

a.  Bayer Medical Care Inc. is a Delaware corporation with its principal place of business in Pennsylvania, Abrams Decl. ¶ 6;

b.  Bayer NippoNex Inc. is a Delaware corporation with its principal place of business in New Jersey, *id.*;

c.  Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey, *id.* ¶¶ 7, 10;

d.  Bayer West Coast Corporation is a Delaware corporation with its principal place of business in New Jersey, *id.* ¶¶ 7, 10;

e.  Bayer Consumer Care Holdings LLC is a Delaware limited liability company, the citizenship of whose members is as follows:

    i.  Bayer East Coast LLC—the sole common member of Bayer Consumer Care Holdings LLC—is a Delaware limited liability company wholly owned by Bayer US Holding LP; Bayer US Holding LP is a limited partnership between Bayer World Investments B.V. and Bayer Solution B.V., each of which is a private company with limited liability incorporated under Dutch law with its principal place of business in the Netherlands, *id.* ¶ 6; and

    ii.  Bayer HealthCare US Funding LLC—the sole preferred member of Bayer Consumer Care Holdings LLC—has a single member:  Bayer World Investments

1   B.V., a private company with limited liability incorporated under Dutch law with

2   its principal place of business in the Netherlands, *id.*;

3       f.   Bayer HealthCare US Funding LLC, a Delaware limited liability company whose

4   members, as set forth above, are incorporated in and have their respective principal

5   places of business in Germany and the Netherlands, *id.*;

6       g.   Dr. Scholl's LLC, a Delaware limited liability company whose sole member is Bayer

7   Healthcare US Funding LLC, a Delaware limited liability company whose members, as

8   set forth above, are incorporated in and have their respective principal places of business

9   in Germany and the Netherlands, *id.*;

10       h.   Coppertone LLC, a Delaware limited liability company whose sole member is Bayer

11   Healthcare US Funding LLC, a Delaware limited liability company whose members, as

12   set forth above, are incorporated in and have their respective principal places of business

13   in Germany and the Netherlands, *id.*; and

14       i.   MiraLAX LLC, a Delaware limited liability company whose sole member is Bayer

15   Healthcare US Funding LLC, a Delaware limited liability company whose members, as

16   set forth above, are incorporated in and have their respective principal places of business

17   in Germany and the Netherlands, *id.*

18   Accordingly, at the time the Complaint was filed and at all times thereafter, Bayer HealthCare LLC was

19   and is a citizen of Delaware, New Jersey, Pennsylvania, Germany, and the Netherlands.

20       18.   Plaintiff alleges that Defendant Bayer Essure Inc. is a Delaware corporation with its

21   headquarters in California.  Compl. ¶ 18.  In fact, at the time this Complaint was filed and at all times

22   thereafter, Bayer Essure Inc. was and is a Delaware corporation with its principal place of business in

23   New Jersey.  *See supra* ¶ 24; Abrams Decl. ¶¶ 7, 10.  For purposes of diversity jurisdiction, it is

24   therefore a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

25       19.   Accordingly, Bayer Defendants are citizens of Delaware, New Jersey, Pennsylvania,

26   Germany, and the Netherlands, whereas Plaintiffs are citizens of California, Iowa, Alabama, Michigan,

27   and Oregon.  Complete diversity of citizenship therefore exists between Plaintiffs and Defendants.

28

20.     Based on the allegations in the Complaint, Bayer anticipates that Plaintiffs will argue that Defendants Bayer HealthCare LLC and Bayer Essure Inc. are citizens of California and that case should be remanded for lack of complete diversity and based on the forum defendant rule.

21.     The Abrams Declaration, however, demonstrates that from April 21, 2016 onwards neither Bayer HealthCare LLC nor Bayer Essure Inc. was a citizen of California.

22.     Defendant Bayer Essure Inc. and one other member of Defendant Bayer HealthCare LLC—Bayer West Coast Corporation—had each previously maintained a principal place of business in California.  Abrams Decl. ¶ 9.  Bayer Essure Inc. most recently occupied premises located at 1011 McCarthy Boulevard, Milpitas, California 95035; and Bayer West Coast Corporation most recently occupied premises located at 800 Dwight Way, Berkeley, California 94710.  *Id.*  However, each vacated its physical premises in California on or before December 31, 2015.  *Id.*

23.     On April 21, 2016**,** by unanimous written consent in lieu of a meeting, Bayer Essure Inc.'s Board of Directors and Bayer West Coast Corporation's Board of Directors each resolved that, effective April 21, 2016, the principal place of business for each entity would be at 100 Bayer Boulevard, Whippany, New Jersey.  *Id.* ¶ 10.  The entities made this formal change in order to more accurately reflect that the directors and officers responsible for directing, controlling, and coordinating each entity's operations are located in New Jersey, where Bayer HealthCare LLC has its principal place of business.  *Id.* ¶ 12.

24.     Since October 1, 2013, no director of Bayer Essure Inc. or Bayer West Coast Corporation had, or has, an office in California.  *Id.* ¶ 10.  All offices of directors of these entities were, and are, located at 100 Bayer Boulevard, Whippany, New Jersey, or 100 Bayer Road, Pittsburgh, Pennsylvania.  *Id.*

25.     Since December 31, 2015, seven of the eight officers of Bayer Essure Inc. and six of the seven officers of Bayer West Coast Corporation have been located at 100 Bayer Boulevard, Whippany, New Jersey, or 100 Bayer Road, Pittsburgh, Pennsylvania.  *Id.*  Since December 31, 2015, the only officer of either entity located in California was an individual serving as the Secretary of Bayer West Coast Corporation and Assistant Secretary of Bayer Essure Inc.  *Id.*  By letter dated May 23, 2016, that

individual formally tendered his resignation from his positions with these entities.  *Id.*  Since then, neither entity has had any officer located in California.  *Id.*

26.     Since January 1, 2016, neither Bayer Essure Inc. nor Bayer West Coast Corporation has conducted or conducts any active trade or business from locations in California.  *Id.*  On April 21, 2016, and at all times thereafter, Bayer Essure Inc. did not and does not own, lease, or sublease the premises at 1011 McCarthy Boulevard, Milpitas, California, or any other physical premises in California.  *Id.*  Likewise, on April 21, 2016, and at all times thereafter, Bayer West Coast Corporation did not and does not own, lease, or sublease the premises at 800 Dwight Way, Berkeley, California, or another physical premises in California.  *Id.*

27.     On April 21, 2016, and at all times thereafter, each of Bayer Essure and Bayer West Coast Corporation had and has—in regards to their respective membership interests in Bayer HealthCare LLC—the power to give or withhold approval of certain Bayer HealthCare LLC decisions requested from time to time of members of Bayer HealthCare LLC.  *Id.*  This membership interest has been and is the principal asset of each of Bayer Essure Inc. and Bayer West Coast Corporation, and holding and voting that membership interest has been and is each entity's principal activity.  The individuals at Bayer Essure Inc. and Bayer West Coast Corporation responsible for giving or withholding such approval were and are located in New Jersey and Pennsylvania.  *Id.*

28.     The minutes of Bayer Essure Inc. have been located in Whippany, New Jersey, since 2013.  The minutes of Bayer West Coast Corporation have been located in Whippany, New Jersey, since May 26, 2016.  Other records of Bayer Essure Inc. and Bayer West Coast Corporation—including accounting, treasury, and tax records—are located primarily in Whippany, New Jersey, and Pittsburgh, Pennsylvania, and have been so located at all times since April 21, 2016.  *Id.* ¶ 11.

29.     Thus, neither Defendant Bayer Essure Inc., nor Bayer West Coast Corporation, nor any other member of Defendant Bayer HealthCare LLC is a citizen of California (or was at the time the complaint was filed and served in state court).  Therefore, the case is completely diverse and the forum defendant rule does not bar removal here.  *See Spencer v. U.S. Dist. Court for the N. Dist. of Ca.*, 393

1  F.3d 867, 871 (9th Cir. 2004) ("The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at

2  the time a notice of removal is filed.").

3  **B. The Amount-In-Controversy Requirement Is Satisfied.**

4       30.    Although Plaintiffs do not—and, under California law, cannot—allege the specific

5  amount that they seek, *see* Cal Code Civ. Proc. § 425.10(b), it is clear from the facts alleged in the

6  Complaint that they each seek more than $75,000.  *See* 28 U.S.C. § 1446(c)(2); *Deutsch v. Turner*

7  *Corp.*, 324 F.3d 692, 718 n.21 (9th Cir. 2003) (finding "no doubt" that the amount-in-controversy

8  requirement based on the nature of the plaintiff's alleged injuries and the request for punitive damages).

9       31.    Plaintiffs allege that they unspecified "personal injuries" as a result of being implanted

10 with Essure.  Compl. at 1.  Plaintiffs also request punitive damages.  *Id.* ¶¶ 246–55.

11      32.    Courts have found the amount-in-controversy requirement satisfied in similar cases, in

12 which plaintiffs have asserted similar injuries, alleged similar degrees of pain, and requested punitive

13 damages.  *See, e.g.*, *Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506, 2015 WL 5826780, at *2 (C.D.

14 Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have

15 found it facially apparent from the complaint that the amount in controversy was satisfied.").[1]

16      33.    Moreover—although Bayer denies that any relief is warranted—California courts

17 routinely award damages in excess of $75,000 in product liability cases where liability is found, further

18 demonstrating that the jurisdictional minimum is satisfied here.  *See, e.g.*, *Scott v. C.R. Bard, Inc.*, 231

---

[1] *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount-in-controversy requirement satisfied where plaintiff alleges injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, pain and suffering, lost wages, and permanent disability); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (amount-in-controversy requirement satisfied where plaintiff underwent surgeries as a result of defective implant, suffered permanent injuries, lost wages, and medical expenses, and sought punitive damages); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 07-1487, 2007 WL 2572048, at *5 (D. Minn. Aug. 30, 2007) (amount-in-controversy requirement satisfied where plaintiff alleged serious injuries from medical device and sought punitive damages and other plaintiffs alleging injuries from same device plead damages in excess of $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (complaint alleging various injuries from prescription drug "obviously" met amount-in-controversy requirement).

1  Cal. App. 4th 763, 766-68 (2014); *Chavez v. Mandel*, No. 05CC11502, 2008 WL 7782568 (Cal. Super.

2  Ct. July 18, 2008).

3      34.    Thus, given the nature of Plaintiffs' alleged injuries, the scope of damages sought, and

4  the lack of any express limitation on the amount of damages sought, Plaintiffs' claims plainly satisfy the

5  jurisdictional amount requirement.

6  **CONCLUSION**

7      WHEREFORE, notice is given that this action is removed from the Superior Court of State of

8  California, County of Alameda, to the United States District Court for the Northern District of

9  California.

10  **DEMAND FOR JURY**

11      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6(a),

12  Bayer hereby demands a jury trial in this matter.

13  Dated: December 5, 2018        SIDLEY AUSTIN LLP

14      By:  */s/ Alycia A. Degen*

15  Alycia A. Degen
adegen@sidley.com

16  SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000

17  Los Angeles, California  90013
Telephone:  +1 213 896-6000

18  Facsimile:  +1 213 896-6600

19  *Attorney for Defendants Bayer Corp., Bayer HealthCare LLC, Bayer Essure Inc., and*

20  *Bayer HealthCare Pharmaceuticals Inc.*

1

**CERTIFICATE OF SERVICE**

2

STATE OF CALIFORNIA            )
                               ) SS
3

COUNTY OF LOS ANGELES          )

4

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years

5

and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los

6

Angeles, California 90013.

7

      On December 5, 2018, I served the foregoing document(s) described as:

8

    &#10095; **NOTICE OF REMOVAL**

9

on all interested parties in this action as follows:

10

11

Mark Robinson, Jr.                                *Counsel for Plaintiffs*
Karen L. Karavatos
12

Cynthia Garber
ROBINSON CALCAGNIE, INC.
13

19 Corporate Plaza Dr.
Newport Beach, CA 92660
14

T: 949-720-1288
F: 949-720-1292
15

16

17

☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I
18

placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for
19

collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same
20

day in the ordinary course of business.

21

      I declare under penalty of perjury under the laws of the United States of America that the

22

foregoing is true and correct.

23

      Executed on December 5, 2018, at Los Angeles, California.

24

25

                 Nicole Bigley

26

27

28